# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC DEON ROBINSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73424

**FILED**

OCT 2 9 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit kidnapping, first-degree kidnapping with the use of a deadly weapon, coercion with the use of a deadly weapon, two counts of first-degree kidnapping with the use of a deadly weapon resulting in substantial bodily harm, first-degree murder with the use of a deadly weapon, and attempted murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Eric Deon Robinson and his codefendant, Mario Camacho, engaged in a series of criminal activities to recover money from a transaction involving drugs and a firearm.[1] On the day of the crime, Robinson assisted Camacho in kidnapping three individuals to interrogate them about the missing money. Camacho shot and murdered one of the victims and shot and severely injured a second victim. Robinson was present during the shootings and fled with the weapons. Robinson and

---

[1]We do not recount the facts except as necessary to our disposition.

Camacho eventually confessed to law enforcement, were arrested, and were subsequently tried together.

Robinson appeals his conviction on two grounds. First, he argues that the district court erred by denying his two equal protection challenges to the State's use of its peremptory challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986). And second, Robinson argues that the district court abused its discretion in denying his two motions to sever his trial from that of his codefendant. We conclude that the district court did not err in denying Robinson's *Batson* challenges because, as the district court found, Robinson failed to prove purposeful discrimination by the State. in striking the two jurors. *Id.* at 94. We also conclude that the district court did not abuse its discretion in denying Robinson's two motions to sever because Robinson failed to show any prejudice from the district court's denial of those motions because Robinson conceded the charges in his closing arguments. *See Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002). Accordingly, we affirm the judgment of conviction.

*The district court did not err in denying Robinson's two Batson challenges*

Robinson argues that the State violated his equal protection rights under the Fourteenth Amendment by using its peremptory challenges to strike two of the three African American prospective jurors from the jury panel—Prospective Juror Nos. 533 and 665.[2] We disagree.

The use of racially-motivated peremptory challenges violates the Equal Protection Clause of the Fourteenth Amendment. *Batson*, 476 U.S. at 89. When a defendant mounts an equal protection challenge to the

---

[2]Although the parties refer to the prospective jurors by name, we refer to them using their prospective juror numbers.

State's use of its peremptory challenges, the district court evaluates the equal protection challenge using the three-part test outlined in *Batson*:

> (1) the defendant must make a prima facie showing that discrimination based on race has occurred based upon the totality of the circumstances, (2) the prosecution then must provide a race-neutral explanation for its peremptory challenge or challenges, and (3) the district court must determine whether the defendant in fact demonstrated purposeful discrimination.

*Diomampo v. State*, 124 Nev. 414, 422, 185 P.3d 1031, 1036 (2008) (citing *Batson*, 476 U.S. at 96-98). The proponent of the *Batson* challenge has the ultimate burden of demonstrating that the prosecution's race-neutral explanation is pretextual such that "it is more likely than not that the State engaged in purposeful discrimination." *McCarty v. State*, 132 Nev. 218, 226, 371 P.3d 1002, 1007 (2016). This court reviews the district court's determination on discriminatory intent for clear error. *Id.*

We conclude that Robinson has failed to demonstrate that the district court's determination was clearly erroneous. As required by step two of the *Batson* analysis, the State provided race-neutral explanations for striking both prospective jurors. The State explained that it struck Prospective Juror No. 533 because she had characterized a man who burglarized her home as "polite," showing that she may have a lenient view towards criminals. The State struck Prospective Juror No. 665 based on her previous unsuccessful attempts to obtain employment with a law enforcement agency and because her brother was on trial at the time for involuntary manslaughter. Robinson failed to show that either of these race-neutral explanations were pretextual or that the State engaged in purposeful discrimination. Thus, the district court did not err in rejecting

 

Robinson's *Batson* challenge to the State's peremptory challenges to the two prospective jurors.

*The district court did not abuse its discretion in denying Robinson's motions to sever*

Robinson contends that severance was necessary to ensure his right to a fair trial because (1) his and his codefendant's defenses were antagonistic and, (2) his codefendant elicited a prejudicial statement from a victim-witness that would not have been admissible in a trial solely against him.[3] We disagree.

Joint criminal trials inherently carry some level of prejudice between codefendants and, thus, "error in refusing to sever joint trials is subject to harmless-error review." *Chartier v. State*, 124 Nev. 760, 765, 191 P.3d 1182, 1185 (2008). The district court's decision not to sever a trial will not be reversed absent an abuse of discretion. *Id.* at 764, 191 P.3d at 1185. To satisfy his or her burden of demonstrating that severance was required, a defendant must show that the joint trial "prevent[ed] the jury from making a reliable judgment regarding guilt or innocence." *Marshall*, 118 Nev. at 647, 56 P.3d at 379; *see also* NRS 174.165(1). Thus, a finding of prejudicial misjoinder "requires more than simply showing that severance made acquittal more likely; misjoinder requires reversal only if it has a substantial and injurious effect on the verdict." *Marshall*, 118 Nev. at 647, 56 P.3d at 379.

---

[3]Robinson also argues that it was the State who solicited confessions from him and his codefendant, which, if used, would have violated his rights under the Confrontation Clause. However, Robinson concedes on appeal that this issue did not materialize because the State did not use either confession during the trial.

Robinson argues that he was prejudiced because he and his codefendant Camacho had antagonistic defenses, but he has failed to show how the misjoinder had "a substantial and injurious effect on the verdict." *Id.* Antagonistic defenses are not in and of themselves a basis for finding prejudicial misjoinder, they must be mutually antagonistic or irreconcilable. *Chartier*, 124 Nev. at 766, 191 P.3d at 1186. Defenses are mutually antagonistic or irreconcilable when "'there is [a] danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Id.* at 765, 191 P.3d at 1185 (quoting *Marshall*, 118 Nev. at 646, 56 P.3d at 378.

Robinson argues that the defenses became irreconcilable when Camacho denied having pulled the trigger. We disagree. Neither Camacho nor the State accused Robinson of having pulled the trigger, thus making the defenses reconcilable. *See, e.g.*, *Chartier*, 124 Nev. at 762–67, 191 P.3d at 1183–87 (holding that codefendants' defenses were irreconcilable when the defendant implicated the codefendant and the codefendant denied participating entirely). Robinson was charged on three bases of liability— first-degree murder, aiding and abetting, and conspiracy—and he conceded his guilt in closing argument. Because Robinson conceded guilt during his trial, he cannot demonstrate prejudice or how the jury could have unjustifiably inferred his guilt. We therefore conclude that any error in not severing the trial based on the antagonistic defenses would be harmless.

Robinson also argues that severance was warranted because Camacho elicited prejudicial testimony from the victim-witness about Robinson's participation in the crime. However, Robinson failed to object to the witness's testimony during the trial, thus waiving this argument on appeal absent a showing of plain error. *See Browning v. State*, 124 Nev.

517, 533, 188 P.3d 60, 71 (2008) ("Generally, the failure to object precludes appellate review absent plain error."); *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (same). Under a plain-error review, Robinson must show that the error caused actual prejudice or miscarriage of justice. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. We conclude that Robinson has failed to do so since he conceded guilt in his closing argument.

Accordingly, we conclude that the district court did not abuse its discretion of denying Robinson's motions to sever his trial.

For the foregoing reasons we,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Carolyn Ellsworth, District Judge
      Robert L. Langford & Associates
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk